**Baldev SINGH, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

**No. 04–70313.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.**

Decided May 12, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Angela M. Valente–Romeo, San Francisco, CA, for Petitioner.

Courtney E. Ingraffia, US Department of Justice, Environment and Natural Resources Division, Jacqueline R. Dryden, Esq., U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

## MEMORANDUM \*\*\*

Baldev Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance without opinion of an immigration judge's ("IJ") denial of asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *see Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

The IJ's adverse credibility determination rests on, among other things, inconsistencies among Singh's testimony, application, and corroborating evidence regarding his membership in the Akali Dal party, and his arrests and detentions. *See id.* at 1043. These discrepancies go to the heart of Singh's claim of past persecution and his fear of future persecution. *See id.* Furthermore, because Singh lied about his use of an alias and his previous entry into the United States, the IJ properly required Singh to provide corroborating evidence.

*Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000). Accordingly, the IJ's adverse credibility determination is supported by substantial evidence and Singh has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

PETITION FOR REVIEW DENIED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.